UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20340-Civ-WILLIAMS/TORRES

LUXOTTICA GROUP S.P.A.,

    Plaintiff,

v.

PRESIDENT OPTICAL INC., and
JOSE R. VELAZQUEZ

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
<u>MOTION FOR FINAL DEFAULT JUDGMENT</u>**

This matter is before the Court on Luxottica Group S.p.A.'s ("Plaintiff") motion for final default judgment against President Optical Inc. ("Optical") and Jose R. Velazquez ("Velazquez" and collectively with Optical, "Defendants"). [D.E. 16]. Defendants failed to file a response in opposition to Plaintiff's motion and the time to do so has now passed. Therefore, Plaintiff's motion is now ripe for disposition. Based on a review of the motion and the underlying record in this case, Plaintiff's motion for final default judgment should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On April 8, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 17].

## *I. BACKGROUND*

On January 27, 2020, Plaintiff filed this action against Defendants alleging that they committed willful trademark infringement in violation of 15 U.S.C.§ 1114. [D.E. 1]. Since 1999, Plaintiff is the holder of eight different United States trademarks related to its Ray-Ban line of sun eyewear (the "Ray-Ban Trademarks"). Optical owns and operates an eyewear store in Mami, Florida, and Velazquez is the principal owner, officer, manager, and director of Optical. Plaintiff claims that Defendants infringed upon the Ray-Ban Trademarks when they engaged in the unlawful advertising and offering for sale, at Defendants' eyewear store, of sunglasses bearing logos and source-identifying indicia and design elements that are imitations of the Ray-Ban Trademarks. Plaintiff also contends that Defendants' conduct has caused confusion and mistake among the consuming public.

On February 26, 2020, after Optical failed to appear or otherwise answer the complaint, Plaintiff moved for the clerk of the court to enter default against Optical, and the clerk entered such default the next day. [D.E. 10, 11]. The Court then directed Plaintiff to file a motion for entry of final default judgment against Optical on or before March 20, 2020. [D.E. 12]. On March 9, 2020, after Velazquez failed to appear or otherwise answer the complaint, Plaintiff moved for the clerk of the court to enter default against Velazquez, and the clerk entered such default the next day. [D.E. 13, 14]. The Court then directed Plaintiff to file a motion for entry of final default judgment against Velazquez on or before April 9, 2020. [D.E. 12]. On April

7, 2020, Plaintiff filed this motion for final default judgment against both Defendants. [D.E. 16].

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

3

If the admitted facts are sufficient to establish liability, a court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within a court's discretion to choose whether such a hearing should take place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). With this guidance in mind, we turn to the allegations found within Plaintiff's complaint to determine whether final default judgment is appropriate.

### III. ANALYSIS

#### A.   *Trademark Infringement*

Plaintiff alleges one cause of action against Defendants: federal trademark infringement under 15 U.S.C. § 1114. Plaintiff argues that Defendants willfully infringed on the Ray Ban Trademarks for advertising and offering for sale goods bearing the Ray Bay Trademarks in interstate commerce without Plaintiff's consent and that this confused consumers in the market.

4

"Trademarks are 'any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods.'" *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000) (quoting 15 U.S.C. § 1127) (alterations in original). "Under the Lanham Act, 15 U.S.C. § 1114(1), a defendant is liable for infringement, if, without consent, he uses 'in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark' which 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Frehling Enters. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). To prevail on a federal trademark infringement claim, a plaintiff must demonstrate "(1) its mark was used in commerce by the defendant without the [plaintiff's] consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (quoting *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983)); *see also* 15 U.S.C. § 1114(1)(a).

Courts consider the following seven factors in assessing whether or not a likelihood of consumer confusion exists: (1) type of a plaintiff's mark; (2) similarity of the parties' marks; (3) similarity of the products or services the marks identify; (4) similarity of the parties' retail outlets (trade channels) and customers; (5) similarity of advertising media used; (6) existence of actual confusion; and (7) a defendant's intent. *See Mango's Tropical Cafe, Inc. v. Mango Martini Rest. & Lounge, Inc.*, 844

F. Supp. 2d 1246, 1252 (S.D. Fla. 2011) (citing *Frehling,* 192 F.3d at 1335). The strength of mark and evidence of actual confusion are the most important factors. *See Frehling,* 192 F.3d at 1335.

Here, Plaintiff has alleged that it is the owner of the eight Ray-Ban Trademarks. That Defendants had no authority to sell any products with the Ray-Ban trademarks and that through their unauthorized conduct caused confusion in the marketplace. Plaintiff claims, for instance, that Defendants sold counterfeit sunglasses that used the Ray-Ban Trademarks while earning revenues from commercial activities in Florida. And the marks used by Defendants on their advertisements and counterfeit sunglasses are so similar to the Ray-Ban Trademarks that consumer confusion is likely.

Plaintiff's allegations are sufficient to find Defendants liable for trademark infringement because a default constitutes an admission of all well-pleaded factual allegations contained in the complaint. *See* C*otton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Anheuser-Busch, Inc. v. Philpot*, 317 F. 3d 1264, 1266 (11th Cir. 2003). Based on the well-pleaded allegations of trademark infringement, Plaintiff's motion for final default judgment should be **GRANTED**.

### B.     *Permanent Injunction*

Having found that Defendants should be liable, we turn to Plaintiff's request to permanently enjoin Defendants from any further use of the Ray-Ban Trademarks and any further marketing, advertising, or sale or services using the marks. The

Lanham Act gives a court "power to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation" of a mark holder's rights. 15 U.S.C. § 1116(a). In fact, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). This does not mean, however, that a plaintiff is automatically entitled to an injunction simply because it proves its affirmative claims. *See Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1402 (9th Cir. 1988) ("[T]he grant of injunctive relief is not a ministerial act flowing as a matter of course."). But, to the extent an injunction is appropriate, the Lanham Act grants a court broad discretion to fashion an injunction "according to the principles of equity and upon such terms as the court may deem reasonable . . . ." *See Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126-27 (5th Cir. 1966).

"Though it appears unlikely, given the lack of evidence submitted by Plaintiff[], that Defendant[s] allegedly wrongful conduct continued after Plaintiff[] initiated this action or will continue in the future, in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant[s] allegedly wrongful behavior has ceased and will not begin again." *See Island Fund v. RWS, Inc.*, 2019 WL 1466707, at *6 (S.D. Fla. Feb. 11, 2019) (granting a permanent injunction because the defendant did not appear in

7

default judgment trademark infringement case) (quoting *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002)). This means that an injunction is appropriate because it lessens the threat that Defendants will resume its infringing activities. Therefore, Plaintiff's motion for a permanent injunction should be **GRANTED** to enjoin Defendants from using the Ray-Ban Trademarks.

### C.     *Statutory Damages*

Plaintiff next seeks statutory damages of $200,000 per mark infringed on, totaling $2,000,000, pursuant to 15 U.S.C. § 1117(c) rather than seeking actual damages. The statutory damage provision, § 1117(c), was added in 1995 because "counterfeit records are frequently nonexistent, inadequate, or deceptively kept . . . making proving actual damages in these cases extremely difficult if not impossible." *Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (citing S. Rep. No. 177, 104th Cong. 1995). Several courts have found statutory damages appropriate in default judgment cases due to infringer nondisclosure. *See Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999); *see also Tiffany*, 282 F. Supp. 2d at 123; *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003).

Section 1117(c)(1) provides that in cases involving the use of a counterfeit mark in connection with a sale, offering, or distribution of goods, "the plaintiff may elect . . . an award of statutory damages for any such use . . . in the amount of . . . not less

than $1,000 or more than $200,000 per counterfeit mark[.]". 15 U.S.C. § 1117(c)(1). Section 1117(c)(2) provides that if the use of a counterfeit mark was willful, then a plaintiff may be awarded "not more than $2,000,000 per counterfeit mark." 15 U.S.C. § 1117(c)(2). Courts in our district have defined willful infringement "as when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright." *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003).

Here, the allegations in the complaint, which are taken as true, clearly establish Defendants willfully copied the Ray-Ban Trademarks for deriving the benefit of Plaintiff's well-known reputation. Plaintiff is therefore entitled to an amount of up to $2,000,000 in statutory damages per mark. Plaintiff asserts that it should receive statutory damages of $200,000 per mark because it is only 10% of the maximum award per mark for willful behavior, adequately compensates it for the harm caused to its Ray-Ban brand, punishes Defendants, and will deter others from counterfeiting the Ray-Ban Trademarks.

Plaintiff also contends that an award of $200,000 per mark, or total damages of $2,000,000, is in line with similar cases. *See Luxottica Grp. S.p.A. v. Casa Los Martinez Corp.*, 2014 WL 4948632, at *6 (S.D. Fla. Oct. 2, 2014) (awarding $200,000 per mark); *Petmed Express, Inc.,* 336 F. Supp. 2d at 1220-1221 (awarding $400,000 per counterfeit mark); *Goyard St-Honore v. goyard.org.uk*, 2020 WL 1445481, at *5 (S.D. Fla. Feb. 24, 2020) (awarding statutory damages of $1,000,000 against each

9

defendant); *Chanel, Inc. v. Fendona*, 2019 WL 7666544, at *6 (S.D. Fla. May 23, 2019) (awarding statutory damages of $1,000,000 against each defendant).

We agree that $200,000 per mark is in line with persuasive case law and will adequately compensate Plaintiff and deter future counterfeiting. But we find issue with Plaintiff's calculation that $2,000,000 in total statutory damages should be awarded. Plaintiff's math suggests that Defendants infringed upon ten trademarks, $2,000,000 divided by $200,000. Plaintiff, however, only provides federal trademark information for eight trademarks, not ten, and alleges that just eight trademarks were affixed to the products sold by Defendants.[2] Accordingly, Plaintiff's motion for statutory damages should be **GRANTED in part** and **DENIED in part** with a total statutory damage award of $1,600,000 ($200,000 per mark multiplied by eight marks) in statutory damages.

### III. CONCLUSION

Based on the uncontested facts, we **RECOMMEND** that Plaintiff's motion for final default judgment [D.E. 16] should be **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion for final default judgment should be **GRANTED**.

B. Plaintiff's motion for a permanent injunction should be **GRANTED**.

---

[2] The Court notes that there is one reference to ten trademarks in the record; the affidavit provided by Jason D. Groppe states in paragraph 15: "A total of ten (10) Ray-Ban Trademarks have been counterfeited on a per mark per type of good infringed basis." But the complaint, motion for default judgment, and the rest of the affidavit show that Plaintiff owns only eight trademarks.

C. Plaintiff's motion for $2,000,000 statutory damages should be **GRANTED in part** and **DENIED in part** with a total statutory damage award of $1,600,000.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 20th day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge