UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-20340-CIV-WILLIAMS

LUXOTTICA GROUP S.p.A, an,
Italian corporation,

    Plaintiff,

vs.

PRESIDENT OPTICAL INC., a
Florida corporation, and JOSE R.
VELAZQUEZ, individually,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' report and recommendation (the "Report") (DE 18) on Plaintiff Luxottica Group S.p.A.'s motion for default judgment against Defendants President Optical Inc. and Jose R. Velazquez (DE 16). The Report recommends that Plaintiff's motion be granted in part and denied in part. Plaintiff filed objections to the Report. (DE 19).

A party may serve written objections to a report and recommendation. The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." S.D. Fla. L. Mag. R. 4(b). "A District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Report recommends that default judgment be granted against Defendants, that Defendants be enjoined from using the Ray-Ban trademarks at issue, and that Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(c) in the amount of $1,600,000. (DE 18). Plaintiff only objects to the total amount of statutory damages that the Report recommends awarding. (DE 19). Specifically, Plaintiff argues that it is entitled to a total award of $2,000,000 based on an award of $200,000 per counterfeit mark per type of counterfeit good infringed. The Report found "that $200,000 per mark is in line with persuasive case law and will adequately compensate Plaintiff and deter future counterfeiting" but explained that $2,000,000 in total statutory damages should not be awarded because Plaintiff "only provides federal trademark information for eight trademarks, not ten, and alleges that just eight trademarks were affixed to the products sold by Defendants." (DE 18). Therefore, the Report recommends a calculation based on $200,000 per mark multiplied by eight marks, totaling $1,600,000. *Id.*

In its objections, Plaintiff argues that while the Report is correct that eight trademarks were counterfeited, there were a total of *ten* separate infringements because seven trademarks appeared on one type of good and one trademark appeared on three types of goods, resulting in ten separate infringements on a per mark per type of good infringed basis. In support of its position, Plaintiff cites the declaration of Jason D. Groppe submitted with its motion, which provided the following:

1. The trademark associated with Registration Number 650, 499 appeared on **one** type of good: lenses.
2. The trademark associated with Registration Number 1,080,886 appeared on **one** type of good: frames.

3. The trademark associated with Registration Number 1,093,658 appeared on **one** type of good: frames.

4. The trademark associated with Registration Number 1,320,460 appeared on **one** type of good: cases.

5. The trademark associated with Registration Number 3,522,603 appeared on **three** types of goods: cases; packaging (boxes); and cleaning cloths.

6. The trademark associated with Registration Number 1,511,615 appeared on **one** type of good: cases.

7. The trademark associated with Registration Number 2,971,023 appeared on **one** type of good: lenses.

8. The trademark associated with Registration Number 595,513 appeared on **one** type of good: frames.

Therefore, the record supports a finding that seven counterfeited trademarks appeared on one good, and one counterfeited trademark appeared on three goods. *See Audemars Piguet Holding SA v. 1forclock.ru*, No. 18-CV-60351, 2018 WL 2006895, at *5 (S.D. Fla. Apr. 23, 2018) ("This Court may award statutory damages without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed.") (internal quotations omitted). As courts award damages "per infringing mark on each type of good as statutory damages," the Court agrees that Plaintiff should be awarded $200,000 per mark per type of good (10 goods) for a total of $2,000,000. *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1292 (S.D. Fla. 2016) ("[T]he Lanham Act permits the Court to award up to $2,000,000 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional

and willful counterfeiting activities."); *see also Tiffany (NJ) LLC v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 0:20-CV-60299-KMM, 2020 WL 4501770, at *4 (S.D. Fla. June 26, 2020) ("[T]he Lanham Act permits the Court to award up to $2,000,000.00 dollars per infringing mark per type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.").

Accordingly, upon a careful review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 18) are **ADOPTED IN PART**.[1]
2. Plaintiff's motion for default judgment (DE 16) is **GRANTED**.
3. Plaintiff shall be awarded statutory damages in the amount of $2,000,000.
4. Permanent injunctive relief as set forth in the Report is **GRANTED**. Defendant is prohibited from further use of Plaintiff's trademarks and any further marketing, advertising, or sale or services using the marks.
5. All pending motions are **DENIED** as moot. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 26th day of February, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Because a notice was filed indicating that Defendant Jose R. Velazquez Jr. filed a petition for relief in the United States Bankruptcy Court for the Southern District of Florida, the Court stayed this matter as to Defendant Velazquez. (DE 21). Accordingly, the Court's findings in this Order are limited to Defendant President Optical, Inc.